1
2
3
4
5
6
7

UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

UNITED STATES OF AMERICA,

                 Petitioner,

    v.

GWENDOLYN ROWE,

            Respondent.

_____/

No. 3:15-cv-01594-LB

**ORDER GRANTING PETITIONER'S PETITION TO ENFORCE**

[Re: ECF No. 1]

## INTRODUCTION

The government filed a petition to enforce an Internal Revenue Service ("IRS") summons against the respondent Gwendolyn Rowe. (Petition, ECF No. 1 at 1.[1]) The court issued an order to show cause and set the hearing for May 28, 2015. (ECF No. 4.) The petitioner appeared at the hearing and did not contest the government's petition. The court now grants[2] the government's petition and orders the petitioner to appear before the revenue officer in the manner described below.

## ANALYSIS

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability.  A summons may be issued for the purposes of

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of documents.

[2] Both parties consented to the undersigned's jurisdiction. (ECF Nos. 6, 9.)

UNITED STATES DISTRICT COURT
For the Northern District of California

1   "ascertaining the correctness of any return, making a return where none has been made, determining

2   the liability of any person for any internal revenue tax or ... collecting any such liability."  26 U.S.C.

3   § 7602(a); *see also Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C.

4   § 7602(a)).  To enforce a summons, the IRS must establish a prima facie case for enforcement by

5   showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to

6   that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of

7   the administrative steps set forth in the Internal Revenue Code.  *United States v. Powell*, 379 U.S. 48

8   57-58 (1964).  "The government's burden is a slight one, and may be satisfied by a declaration from

9   the investigating agent that the *Powell* requirements have been met."  *Crystal*, 172 F.3d at 1144.

10  "The burden is minimal because the statute must be read broadly in order to ensure that the

11  enforcement powers of the IRS are not unduly restricted."  *Id.*

12      Once the government has met its burden in establishing the *Powell* elements, if the taxpayer

13  chooses to challenge the enforcement, he or she bears a heavy burden to show an abuse of process or

14  lack of good faith on the part of the IRS.  Indeed, "[e]nforcement of a summons is generally a

15  summary proceeding to which a taxpayer has few defenses."  *Id.*  "The taxpayer must allege specific

16  facts and evidence to support his allegations' of bad faith or improper purpose."  *Id*

17      While the government's burden is not great, it is not necessarily satisfied by an agent's mere

18  assertion of relevance.  *United States v. Goldman*, 637 F.2d 664, 667 (9th Cir.1980).  Once a

19  summons is challenged, it must be scrutinized by the court to determine whether it seeks information

20  relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement

21  or narrow the scope of the summons.  *Id.* at 668.

22      Here, the government has met its initial burden of showing that the *Powell* elements have been

23  satisfied through the verification of the petition by the revenue agent.  *See Crystal*, 172 F.3d at 1144

24  (finding that the special agent's declaration satisfied the *Powell* requirements and that the

25  government therefore "established a prima facie case to enforce the summonses"). The verified

26  petition indicates that the IRS's investigation is being conducted for a legitimate purpose of

27  ascertaining the petitioner's tax liabilities for calendar years 2005, 2008, and 2005 and for

28  petitioner's trust-fund penalty for the quarterly periods ending March 21, 2007, September 30, 2007,

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1   March 31, 2008, June 30, 2008, September 30, 2008, December 31, 2008, and March 31, 2009.

2   (Petition, ECF No. 1 at 2, ¶ 3.)  The summons asks the petitioner to appear and bring documents and

3   records (e.g., bank statements, checkbooks, canceled checks, saving account passbooks, and records

4   or certificates of deposit) from July 1, 2011 to September 30, 2011 regarding assets, liabilities, or

5   accounts held in the taxpayer's name or for the taxpayer's benefit, or in which the taxpayer has a

6   security interest. Exh. A, ECF No. 1 at 5.  The summons explains that the IRS will use the

7   information to prepare a collection information statement.  *Id.*  The petition further indicates that the

8   information is not already in the IRS's possession, that there has been no referral for criminal

9   prosecution of this matter, and that all administrative steps required by the Internal Revenue Code

10  for the issuance of the summons have been taken.  Petition, ECF No. 1 at 2-3, ¶¶ 5, 11-12; Exh. A,

11  ECF No. 1 at 6.

12        The petitioner did not respond to the verified petition, did not meet the burden of showing an

13  abuse of process or lack of good faith on the part of the IRS, and did not contest the government's

14  petition at the hearing.  Under the circumstances, the court grants the government's verified petition

15  to enforce the IRS summons.

16                              **CONCLUSION**

17        The court **GRANTS** the petition to enforce the IRS summons. The petitioner Gwendolyn Rowe

18  must appear before the IRS Revenue Officer Ava Pointer or any other designated agent on June 25,

19  2015 at 8:30 a.m. at 1301 Clay Street, Room 1040S, Oakland, California, to provide testimony and

20  produce the requested documents and records. (The court notes that the handwritten date on the

21  government's proposed order handed up at the hearing had the month "June" in the date area and

22  "25" in the time area. The court presumes that the parties meant June 25, and the court chose the

23  time 8:30 a.m. based on the time in other cases.) This disposes of ECF No. 1.

24        **IT IS SO ORDERED.**

25  Dated: May 30, 2015                    _____

26                                          LAUREL BEELER
                                            United States Magistrate Judge
27

28